EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por abuso de confianza.

No. 686.—Resuelto en agosto 1, 1914.

ABUSO DE CONFIANZA—AGENTE PARA LA VENTA DE PAN—CIRCUNSTANCIAS DEL CONTRATO—INSUFICIENCIA DE LA PRUEBA.—En el presente caso se demostró que el acusado, un vendedor de pan, no era un agente asalariado del dueño del

artículo, tendiendo además a demostrar la prueba que cuando se le entregaba el pan, adquiría sobre él inmediatamente la propiedad aunque no pagara en el acto su importe, y que la cantidad que al fin quedó adeudando, fué el saldo que resultó en contra suya en una larga cuenta corriente que llevaba con el dicho dueño. Se resolvió: que bajo tales circunstancias y no existiendo nada en los autos que demostrara que el acusado había actuado con intención criminal, no podía concluirse que fuera culpable del delito de abuso de confianza que le imputó el fiscal.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogados del acusado: *Sres. Tormes & Giménez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La acusación en este caso imputa a Avelino Rivera la comisión de un delito de abuso de confianza consistente en que el dicho Rivera por el mes de marzo de 1913, y en la ciudad de Ponce, voluntaria, ilegal y maliciosamente, siendo un agente de la mercantil de Ponce "Aguilú, Masoller, Arias, Monllor, y Cía.," recibió de éstos y en comisión de venta varias partidas de pan cuyo importe debía entregar al final de mes, percibiendo entonces un diez por ciento de comisión sobre la venta, y el dicho acusado con intención criminal y fraudulentamente habiendo recibido varias partidas de pan por los meses de febrero y marzo de 1913, se apropió para usos propios el importe de dichas partidas, ascendente a la cantidad de $148.92.

El acusado hizo la alegación de no culpable y solicitó juicio por jurados. El juicio se celebró el 15 de diciembre de 1913. El juez dió amplias y correctas instrucciones al jurado y éste rindió su veredicto declarando culpable al acusado. El 22 de diciembre de 1913 el acusado solicitó nuevo juicio que le fué negado por la corte, y el 15 de enero de 1914 la corte dictó sentencia condenando al acusado a la pena de un año de presidio. Contra esa sentencia interpuso el acusado el presente recurso de apelación cuya vista se celebró el 2 de junio último.

La prueba practicada se incluye en un pliego de excepciones y relación de hechos debidamente preparado y certi-

ficado. La del Fiscal consistió en las declaraciones de Augusto Fournier, dependiente de la panadería "Aguilú, Masoller, Arias, Monllor y Cía.," y de Baltasar Arias y Enrique Monllor, socios de dicho establecimiento. Además se presentaron los libros en los que aparecía la cuenta del acusado. La parte pertinente de ellos se puso de manifiesto por medio de la declaración de Monllor.

Hemos examinado cuidadosamente la prueba del Fiscal y a nuestro juicio no demuestra con la claridad y la seguridad debidas la comisión de un delito por parte del acusado.

El Fiscal sostiene que el acusado era un agente de la panadería "Aguilú, Masoller, Arias, Monllor y Cía," que recibía todos los días determinada cantidad de pan y que tenía la obligación de venderla y entregar su importe, percibiendo entonces el diez por ciento del mismo en pago de su trabajo.

Que el acusado no era un agente asalariado de los dueños de la panadería, está fuera de toda discusión. Que el acusado trabajaba por su cuenta también es evidente. Solo queda por aclarar la forma en que el acusado pagaba el pan que recibía.

La consideración de este caso nos lleva a notar la inmensa diferencia que puede resultar para un hombre que se dedique al negocio de la venta de pan, de la forma en que verifique el contrato con el dueño del artículo. Si recibe una pequeña suma en comisión para la venta y no entrega su importe, está expuesto a ser castigado con cárcel, o presidio si la suma es mayor de cincuenta pesos. Por el contrario si logra que se le venda el artículo concediéndosele un plazo para pagar su importe, en el caso de que no pueda satisfacerlo, la acción que contra él podría ejercitarse sería la civil únicamente.

Hemos examinado cuidadosamente la prueba de cargo practicada y tenemos grandes dudas con respecto a la exacta forma en que se realizó el contrato en este caso. Los tres testigos que declararon, en el comienzo de sus declaraciones tendieron a establecer el hecho de la agencia del acusado, pero

al entrar en detalles los dieron en tal forma que podría de ellos deducirse que las relaciones entre el acusado y la panadería se llevaban a efecto bajo una base distinta, esto, es, que cuando el artículo se entregaba al acusado, éste adquiría sobre él inmediatamente la propiedad aunque no pagara en el acto su importe, y que la cantidad que al fin quedó adeudando el acusado a la panadería, fué el saldo que resultó en contra suya de una larga cuenta corriente que con la panadería llevaba.

Siendo esto así, surgiendo en la mente del juzgador a virtud del examen de la prueba tales dudas, no existiendo además nada en los autos que demuestre que el acusado actuara con intención criminal, opinamos que la prueba del Fiscal no fué bastante y que debió en su consecuencia haberse absuelto al acusado.

Debe declararse con lugar el recurso establecido.

*Revocada la sentencia y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.